UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ARTHUR C. SCHMIDT,

    Plaintiff,

vs.

MERRILL LYNCH TRUST COMPANY,
JOHN HANCOCK LIFE INSURANCE
COMPANY (U.S.A.), LEVUN
GOODMAN & COHEN, LLP, and
JEFFERY S. TAYLOR

    Defendants.
_____/

CASE NO.: 5:07-CV-382OC10 GRJ

**DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFF'S MEMORANDUMS IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

Defendants, John Hancock Life Insurance Company (U.S.A.), and Merrill Lynch Trust Company n/k/a Merrill Lynch Bank & Trust Company, FSB, by and through their undersigned counsel, hereby file this Joint Motion and Memorandum in Support to Strike Plaintiff's Untimely Memorandums In Opposition to Defendants' Motions to Dismiss.

1. Defendant John Hancock filed a motion to dismiss on September 21, 2007. See D.E. #7.

2. Defendant Merrill Lynch filed a motion to dismiss on September 27, 2007. See D.E. #15.

3. Local Rule 3.01(b) requires that a memorandum in opposition to a motion be filed within ten (10) days after service of the motion.

4. Plaintiff was served via the Court's ECF system as certified in the certificates of service.

5. Plaintiff's memorandum in opposition to John Hancock's motion was due on or about October 10, 2007.

6. Plaintiff's memorandum in opposition to Merrill Lynch's motion was due on or about October 15, 2007.

7. Plaintiff failed to file any response brief in a timely fashion as required under the Rule 3.01(b).

8. On January 9, 2008, Defendants filed a Joint Motion to Dismiss for Plaintiff's failure to substitute a party under Fed. R. Civ. P. 25.

9. Not until three months past the deadline for filing memoranda in opposition to Defendants' motions to dismiss did Plaintiff file such responses on January 23, 2008. See docket entries #29 and 30.

WHEREFORE, Defendants jointly ask the Court to strike Plaintiff's Memoranda in Opposition to Defendant John Hancock's Motion to Dismiss and Merrill Lynch's Motion to Dismiss located at docket entries #29 and 30 for the reasons stated and authorities cited below.

## MEMORANDUM OF LEGAL AUTHORITY IN SUPPORT

Plaintiff's unreasonable delay and inexcusable neglect in responding to Defendants' motions have violated this Court's Local Rules. This motion to strike seeks to hold the Plaintiff accountable to the procedural and substantive rules governing this case. In failing to respond to Defendants' motion and in failing to respond as required

2

under Fed. R. Civ. P. 25 to substitute a party, Plaintiff has further delayed this case involving a transaction that occurred in late 1996. Plaintiff should not be rewarded by such conduct and Defendants' motions to dismiss should be granted as unopposed.

Defendant John Hancock filed a motion to dismiss on September 21, 2007. See D.E. #7.

Defendant Merrill Lynch filed a motion to dismiss on September 27, 2007. See D.E. #15. Local Rule 3.01(b) requires that a memorandum in opposition to a motion be filed within ten (10) days after service of the motion. Plaintiff was served via the Court's ECF system as certified in the certificates of service. Plaintiff's briefs in opposition to the motions were due on October 10, 2007 and October 15, 2007 respectively.

Plaintiff failed to file any response brief as required under the Rule 3.01(b). On January 9, 2008, Defendants filed a Joint Motion to Dismiss for Plaintiff's failure to substitute a party under Fed. R. Civ. P. 25. Not until three months past the deadline for filing memoranda in opposition to Defendants' motions to dismiss did Plaintiff file such responses on January 23, 2008. See docket entries #29 and 30.

In addition to filing untimely responses to Defendants' motions, Plaintiff has failed to prosecute this case (1) by failing providing the required Rule 26(a) disclosures as to damages, (2) failing to initiate any discovery, and (3) failing to respond to Defendant John Hancock's discovery requests. Plaintiff has not provided answers to interrogatories that were due December 31, 2007. Plaintiff has not responded to requests for documents that were due January 16, 2008. As there is no party substituted in for

3

Plaintiff, these discovery issues cannot be taken up with the opposing party until the pending motions are decided.

The Court has the discretion to strike untimely and late briefs. See <u>Martinez v. Palm Bay Police Dep't</u>, 2006 U.S. Dist. LEXIS 46608 (M.D. Fla. July 11, 2006) (striking the response briefs and accompanying affidavits of two plaintiffs).

WHEREFORE, Defendants jointly ask the Court to strike Plaintiff's Memorandums in Opposition to Defendant John Hancock's Motion to Dismiss and Merrill Lynch's Motion to Dismiss located at docket entries #29 and 30 for the reasons stated and authorities cited above.

| FOWLER WHITE BOGGS BANKER P.A. | MILLER CANFIELD PADDOCK & STONE |
|---|---|
| 501 East Kennedy Boulevard | W. Scott Turnbull, Esq. |
| Post Office Box 1438 | 5500 Military Trial #22-269 |
| Tampa, Florida 33602 | Jupiter, Florida 33458 |
| (813) 228-7411 | (561) 355-8145 |
| (813) 229-8313 (facsimile) | (313) 496-8454 (facsimile) |
| rbuhite@fowlerwhite.com | turnbull@milercanfield.com |
| | |
| By:/s/Russell S. Buhite | By:/s/W. Scott Turnbull |
|    Russell S. Buhite |    W. Scott Turnbull, Esq. |
|    Florida Bar No.: 0831085 |    Florida Bar No.: 0038626 |
| Attorneys for John Hancock | Attorneys for Merrill Lynch Trust Company, FSB |

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to Eric A. Lanigan, Esq., counsel for Plaintiff; Russell S. Buhite, counsel for John Hancock; and Deborah J. Bergin, counsel for Defendants Levun Goodman & Cohen, LLP, and Jeffrey S. Taylor.

s/W. Scott Turnbull
*W. Scott Turnbull*

DELIB:2935102.1\060193-00392