UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ARTHUR C. SCHMIDT,

Plaintiff,

v.                                                      Case No.  5:07-cv-382-Oc-10GRJ

MERRILL LYNCH TRUST COMPANY, n/k/a
Merrill Lynch Bank & Trust Co., FSB, JOHN
HANCOCK LIFE INSURANCE CO. (U.S.A.),
LEVUN GOODMAN & COHEN, LLP,
JEFFREY S. TAYLOR,

Defendants.

_____

## REPORT AND RECOMMENDATION[1]

Pending before the Court are: (1) Defendants' Joint Motion To Dismiss For

Failure To Substitute Party Plaintiff And Incorporated Memorandum Of Law (Doc. 25),

and (2) Plaintiff's Motion For Substitution Of Party (Doc. 28) to which Defendants have

filed a Joint Memorandum In Opposition To Plaintiff's Motion For Substitution of Party.

(Doc. 31.) For the reasons discussed below, Defendants' Joint Motion To Dismiss For

Failure To Substitute Party Plaintiff (Doc. 25) is due to be **DENIED**, and Plaintiff's

Motion For Substitution Of Party (Doc. 28) is due to be **GRANTED**.

## I. BACKGROUND

This case arises from tax and financial planning advice the Defendants

purportedly gave to Plaintiff, Arthur Schmidt, beginning in October 1996.[2] Plaintiff

---

[1]Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

[2] Amended Complaint, Doc. 5.

asserts claims for fraud against Defendants, Merrill Lynch, and John Hancock, and a claim of professional negligence against Defendants, Levun, Goodman, & Cohen, LLP, and Jeffrey S. Taylor.[3]

Defendants removed this action on September 21, 2007.  Nine days later Plaintiff, Arthur Schmidt  passed away.[4]  On October 10, 2007, Plaintiff's counsel filed a Suggestion of Death, advising that Arthur Schmidt had died and that Dennis Schmidt, designated as the personal representative in Plaintiff's last will and testament, would be filing a motion to substitute upon his appointment as personal representative.  Dennis Schmidt was appointed as the Personal Representative of Plaintiff's estate on November 19, 2007.  Plaintiff's counsel represents that he did not receive a copy of the Letters of Administration until November 30, 2007, and that he was unable to thoroughly discuss this case with the Plaintiff's heirs until January 2008.  He attributes this delay partly to his own schedule and the intervening holidays, and partly to his inability to determine whether the heirs wanted to continue the instant litigation upon Plaintiff's death. Plaintiff cites to several factors which combined to delay the heirs in reaching a consensus regarding the lawsuit, including:  the complexity of the legal and factual issues of this case; the potential substantial costs of continuing litigation; the heirs' unfamiliarity with Plaintiff's financial affairs; and the fact that the heirs are geographically scattered across the United States and Canada.[5]

---

[3] Id.

[4]  Doc. 28, Ex. A.

[5] Doc. 39.

## II.  <u>DISCUSSION</u>

Defendants request dismissal pursuant to Rule 25(a) of the Federal Rules of Civil

Procedure because the motion for substitution was filed more than 90 days after the

suggestion of death was filed. Despite the mandatory language in Rule 25(a),[6] the Court

has substantial discretion to interpret the rule liberally so as to effectuate its underlying

purpose.[7] The rule was amended in 1963 with the express intent "to dispel unwarranted

rigidity and [to] allow more flexibility in substitution."[8] Rule 25(a) is not meant to be used

as a procedural mechanism to "bar . . . otherwise meritorious actions."[9] Instead, its

driving purpose is to ensure that all those having a legal interest in the pending suit are

aware of the party's death and are alerted to act to preserve their respective rights.[10]

As a threshold matter, Defendants' motion depends upon the existence of a valid

suggestion of death on the record.[11] In the absence of a legally sufficient statement of

---

[6] "If the motion [for substitution] is not made within 90 days after service of a statement noting the death, the action by . . . the decedent *must be dismissed.*" FED. R. CIV. P. 25(a)(1) (emphasis added).

[7] FED. R. CIV. P. 25(a)(1) advisory committee's note; <u>Kasting v. Am. Family Mut. Ins. Co.</u>, 196 F.R.D. 595, 601 (D. Kan. 2000); *see also* <u>Bessent v. Nat'l Hous. P'ship</u>, No. 1:06-cv-008-SPM, 2008 WL 1744925, at *2 (N.D. Fla. Apr. 11, 2008) (citing with approval <u>Rende v. Kay</u>, 415 F.2d 983 (D.C. Cir. 1969); <u>Roscoe v. Roscoe</u>, 379 F.2d 94, 99 (D.C. Cir. 1967); <u>Staggers v. Otto Gerdau Co.</u>, 359 F.2d 292, 296 (2d Cir. 1966); <u>Al-Jundi v. Rockefeller</u>, 757 F. Supp. 206 (W.D.N.Y. 1990)).

[8] <u>Rende</u>, 415 F.2d at 986; *see also* <u>Bessent</u>, 2008 WL 1744925, at *2.

[9] <u>Staggers</u>, 359 F.2d at 296; *see also* <u>Hall v. Infirmary Health Sys.</u>, No. 06-0791-WS-B, 2008 WL 1774164, at *1 (S.D. Ala. Apr. 15, 2008) ("[T]he Court declines to adopt defendants' mechanical reasoning that dismissal must inevitably follow from plaintiff's failure to file a motion for substitution within the 90-day period prescribed by Rule 25(a).").

[10] <u>Rende</u>, 415 F.2d at 985.

[11] 3B MOORE'S FEDERAL PRACTICE § 25.13[2] (3d ed. 2007). "The 90 day period for filing the motion for substitution begins only 'after service of a statement noting the death.'" <u>Id.</u> (quoting FED. R. CIV. P. 25(a)(1)); *see also* <u>Broyles v. McCane</u>, No. 7:04-cv-118 (HL), 2006 WL 2452486, at *1 (M.D. Ga. Aug. 23, 2006) (90 day deadline does not commence until suggestion of death is properly filed and served); <u>Barlow v. Ground</u>, 39 F.3d 231, 233 (9th Cir. 1994) (formal statement of death on the record is a prerequisite for application of Rule 25(a)); <u>Int'l Cablevision, Inc. v. Sykes</u>, 172 F.R.D. 63, 66 (W.D.N.Y. 1997) (requiring strict adherence to procedural formalities imposed by Rule 25(a)).

death on the record, the 90 day deadline in Rule 25(a) does not begin to run.[12] A valid suggestion of death under Rule 25(a) requires two conditions.[13] First, a formal statement of death must be placed "on the record" by one with the authority to do so.[14] Second, the statement of death must be properly served pursuant to Rule 25(a)(3).[15] Until such a time as both of those conditions are satisfied dismissal under Rule 25(a) is not triggered.

The statement of death filed by Plaintiff's counsel was not filed on the record by one having authority to do so. At the time it was filed Plaintiff's counsel represented the decedent Arthur Schmidt and had not yet been retained by Dennis Schmidt the personal representative.

Filing a suggestion of death on the record has a very narrow role—it commences the 90 day period within which a motion for substitution must be filed.[16] As such, it serves the adversarial function of expediting the substitution of deceased parties. "In practice, it is not unusual for a defendant to suggest death upon the record to impose upon the plaintiff's side the obligation to move for the substitution of a party, as a tactical maneuver of an adversary premised upon expediting the action or getting it dismissed."[17] On the other hand, it would be highly unusual for a representative of a

---

[12] Id.

[13] Id.

[14] Rende v. Kay, 415 F.2d 983, 985 (D.C. Cir. 1969).

[15] A suggestion of death must be served in the same manner as a motion to substitute—"on the parties as provided in Rule 5 and on nonparties as provided in Rule 4." FED. R. CIV. P. 25(a)(3).

[16] 3B MOORE'S FEDERAL PRACTICE § 25.13[1].

[17] Kasting v. Am. Family Mut. Ins. Co., 196 F.R.D. 595, 599 (D. Kan. 2000).

deceased plaintiff to file a suggestion of death since doing so is not a prerequisite to filing a motion for substitution and would otherwise be contrary to the interests of the deceased party's estate.[18]

Accordingly, because the act of filing a statement of death on the record has the potential to have a dispositive impact on the underlying litigation, only statements of death filed by persons acting with authority should be given effect under Rule 25(a).

While Rule 25(a) does not explicitly specify who may properly serve the suggestion of death, courts have construed the rule so as to allow the suggestion to be filed by any of the same persons who are permitted to move for substitution.[19] Thus, a suggestion of death is ineffective under Rule 25(a) unless it is filed by either a party, or by a representative of the deceased party.[20]

The deceased party's attorney is not the type of "representative" contemplated by Rule 25(a).[21] An attorney's agency to act on behalf of a client terminates upon that client's death.[22]  Accordingly, courts have consistently excluded decedent's counsel

---

[18] 3B MOORE'S FEDERAL PRACTICE § 25.13[1].

[19] Id. § 25.13[2].

[20] FED. R. CIV. P. 25(a)(1).  "A motion for substitution may be made by any party or by the decedent's successor or representative."  Id.

[21] Bass v. Attardi, 868 F.2d 45, 50 n.12 (3d Cir. 1989); Rende v. Kay, 415 F.2d 983, 985-86 (D.C. Cir. 1969); United States v. Currency $11,331, 482 F. Supp. 2d 873 (E.D. Mich. 2007); Int'l Cablevision, Inc. v. Sykes, 172 F.R.D. 63, 66-67 (W.D.N.Y. 1997); Hilsabeck v. Lane Co., Inc., 168 F.R.D. 313, 314 (D. Kan. 1996); Fehrenbacher v. Quackenbush, 759 F. Supp. 1516, 1518 (D. Kan. 1991); Al-Jundi v. Rockefeller, 757 F. Supp. 206, 210 (W.D.N.Y. 1990); see also Fariss v. Lynchburg Foundry, 769 F.2d 958, 962 (4th Cir. 1985) (holding decedent's attorney had no authority to move for substitution).

[22] Hilsabeck, 168 F.R.D. at 314.

from the definition of those "representatives" having the authority to file a suggestion of death under Rule 25(a).[23]

Here, there is no suggestion that Plaintiff's estate had retained the services of Mr. Eric A. Lanigan, decedent's attorney, at the time he filed the Suggestion of Death (Doc. 19).[24] In fact, the Personal Representative of Plaintiff's estate was not appointed until over a month later.[25]

Therefore, in the absence of any evidence that Mr. Lanigan had authority of the type contemplated by Rule 25(a), it would be both inequitable and contrary to the purpose of the rule to construe the document filed by Mr. Lanigan as having the effect of a valid suggestion of death on the record.  Accordingly, the Court concludes that the filing of the Suggestion of Death (Doc. 19) did not trigger the 90 day period under Rule 25(a).

Alternatively, even if the Court was to conclude that Mr. Lanigan acted with authority under Rule 25(a), the Suggestion of Death still did not trigger the 90 day deadline because it was never personally served on Dennis Schmidt, the Personal Representative of the estate.

---

[23] *See supra* note 26 and accompanying text.

[24] The Suggestion of Death (Doc. 19) was filed by decedent's counsel, Mr. Eric A. Lanigan, on October 10, 2007. In filing the Suggestion of Death, Mr. Lanigan signed as "Attorney for Plaintiff" and, in doing so, he did not suggest he was acting on behalf of the estate. *See, e.g.*, Fehrenbacher, 759 F. Supp. at 1518 (holding suggestion of death was invalid because counsel did not purport to make the suggestion of death on behalf of the estate and because attorney was not a "representative" of the deceased party as contemplated by rule 25(a)).

[25] The Letters of Administration appointing Dennis Schmidt as the Personal Representative of Plaintiff's estate were not issued until November 19, 2007. (Doc. 28, Ex. A.) Furthermore, as noted above, Mr. Lanigan represents that he was not notified of Mr. Schmidt's appointment until late November when he received a copy of the Letters of Administration. (Doc. 39.)

Strict adherence to the procedural formalities is required under Rule 25(a).[26] "It is . . . the service, not the mere filing, of the statement noting the death that triggers the 90-day period."[27] Therefore, the 90 day period does not begin to run until the Suggestion of Death has been served on all persons pursuant to Rule 25(a)(3).[28]

A deceased party's personal representative is a "nonparty" who *must* be personally served pursuant to Rule 4 of the Federal Rules of Civil Procedure before the 90 day deadline is triggered.[29] Requiring personal service on the successor or representative of a decedent's estate ensures that those with the legally cognizable interest in the ongoing litigation: (1) receive actual notice of the lawsuit; and (2) are made aware of the corresponding substitution requirement.[30] As there is no guarantee that the deceased party's attorney will act to protect the legal interests of the decedent's successor(s) or representative(s), decedent's attorney cannot accept service on behalf of the legal successors or representatives.[31]

---

[26] *See, e.g.*, Nat'l Equip. Rental, Ltd. v. Whitecraft Unlimited, Inc., 75 F.R.D. 507, 510 (E.D.N.Y. 1977) (requiring strict adherence to formalities set forth in Rule 25(a) as a condition precedent to commencement of 90 day period).

[27] 3B MOORE'S FEDERAL PRACTICE § 25.13[1]; Kasting v. Am. Family Mut. Ins. Co., 196 F.R.D. 595, 601 n.5 (D. Kan. 2000).

[28] Kasting, 196 F.R.D. at 600-01.

[29] Fariss v. Lynchburg Foundry, 769 F.2d 958, 962 (4th Cir. 1985); Sanders v. Neubarth, No. 1:05-cv-00076-AWI-SMS P, 2006 WL 3780873, at *1 (E.D. Cal. Dec. 21, 2006).

[30] "[Rule 25] seeks 'to assure the parties to the action and other concerned persons of notice of the death so that they may take appropriate action to make substitution for the deceased party.'" Fariss, 769 F.2d at 962 (quoting 3B MOORE'S FEDERAL PRACTICE & PROCEDURE § 25.01[14], [15] (2d ed. 1982)); *see also* Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994); Grandbouche v. Lovell, 913 F.2d 835, 837 (10th Cir. 1990).

[31] Id.

7

In the instant case there is no evidence that Dennis Schmidt ever received a copy of the Suggestion of Death—by personal service or otherwise. Therefore, in the absence of proof that Dennis Schmidt was personally served with a copy of the Suggestion of Death, the Court concludes that the 90 day deadline in Rule 25(a) never began to run.

Lastly, even assuming *arguendo* that the 90 day deadline set forth in Rule 25(a) was triggered and has elapsed, dismissal of the action would not be mandatory.[32] The Court is authorized pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure to extend the period within which substitution of a party may be made, even after the 90 day deadline has expired, where a party can show that its failure to act earlier was the result of excusable neglect.[33]

Excusable neglect is "'an elastic concept.'"[34] "The determination as to what sort of neglect is considered excusable is 'an equitable one, taking account of all relevant circumstances surrounding the party's omission.'"[35] Among the things a court can consider is the lack of prejudice to the nonmoving party.[36] Typically, a successful

---

[32] Kasting v. Am. Family Mut. Ins. Co., 196 F.R.D. 595, 601 (D. Kan. 2000).

[33] FED. R. CIV. P. 6(b)(1)(B).

[34] 4A CHARLES ALAN WRIGHT, & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1165 (1987). The movant is required to show good faith and a "reasonable basis for noncompliance within the time specified in [Rule 25(a)]." Id.; *see also* Kasting v. Am. Family Mut. Ins. Co., 196 F.R.D. 595, 602 (D. Kan. 2000).

[35] In re Harlow Fay, Inc., 993 F.2d 1351, 1352 (8th Cir. 1993) (quoting Pioneer Inv. Serv. Co. Vv. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

[36] Al-Jundi v. Rockefeller, 88 F.R.D. 244, 247 (W.D.N.Y. 1980). The length of delay caused by movant's noncompliance is relevant to this inquiry. Zeidman v. Gen. Accident Ins. Co., 122 F.R.D. 160, 162 (S.D.N.Y. 1988).

showing of excusable neglect requires the movant to show good faith and a good reason for noncompliance with the 90 day deadline.[37]

Plaintiff's counsel attributes the delay in filing the motion for substitution partly to his own schedule, and partly to the difficulty he had in communicating with Plaintiff's heirs.[38] Arthur Schmidt passed away shortly after this matter was removed to this Court. Thereafter, Plaintiff's counsel promptly notified Defendants of Plaintiff's death. Little more than two months elapsed between the appointment of Dennis Schmidt as Personal Representative of Plaintiff's estate in November 2007 and the filing of the Motion For Substitution in January 2008.[39] Defendants fail to show how they were prejudiced by a mere two week delay.[40]

Accordingly, taking these circumstances into consideration the Court concludes that Plaintiff has made a sufficient showing of excusable neglect to justify granting relief under Rule 6(b)(1)(B).[41]

---

[37] Zeidman, 122 F.R.D. at 162.

[38] See Plaintiff's Response To Court's Order On [sic] Regarding Award Of Attorneys Fees To Defendant, John Hancock. (Doc. 39.) In its analysis regarding whether Plaintiff demonstrated sufficient "excusable neglect" to justify a delay in filing its motion for substitution, the Court may consider the record as a whole and need not limit its inquiry to the four corners of the Defendants' motion to dismiss and Plaintiff's response.  See Hall v. Infirmary Health Sys., No. 06-0791-WS-B, 2008 WL 1774164, at *1-2 (S.D. Ala. Apr. 15, 2008).

[39] Pursuant to Local Rule 3.01(b) and Rules 6(a) and 6(d) of the Federal Rules of Civil Procedure, the Motion For Substitution (Doc. 28) was filed within the ten day time frame in which Plaintiff was entitled to respond to Defendants' motion to dismiss.

[40] Assuming the Suggestion of Death (Doc. 19) commenced the 90 day period in Rule 25(a), the Plaintiff had until January 8, 2008 to file its motion for substitution.  Plaintiff's Motion For Substitution (Doc. 28) was ultimately filed on January 23, 2008—approximately two weeks later.

[41] Hall, 2008 WL 1774164, at *1-2 (allowing plaintiff to file motion for substitution six months after plaintiff's death where plaintiff's counsel made a reasonable showing of excusable neglect and the Defendants failed to show undue prejudice would result from the extension).

## III.  RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that: (1) Defendants'

Joint Motion To Dismiss For Failure To Substitute Party Plaintiff (Doc. 25) should be

**DENIED** and (2) Plaintiff's Motion For Substitution of Party (Doc. 28) should be

**GRANTED** and Dennis Schmidt, as personal representative, should be permitted to

proceed as the named Plaintiff in this case.

**IN CHAMBERS** in Ocala, Florida, on June 2, 2008.

GARY R. JONES
United States Magistrate Judge

Copies to:
The Honorable Wm. Terrell Hodges
Senior United States District Judge


Counsel of Record